K. C. MORRIS ET AL. v. THE BOARD OF COMMISSIONERS OF HENDERSON COUNTY ET AL.

(Filed 20 December, 1922.)

**Appeal and Error—Injunction—Actions—Suits—Causes of Action Ceasing—Dismissal—Costs—Highways—Roads and Highways.**

Where it appears, on appeal from an order of the Superior Court judge enjoining a board of county commissioners from wasting and misapplying certain proceeds from the sale of bonds issued for highway purposes, that on account of the change in the personnel of the board the proceedings have become unnecessary, the action will be dismissed. On this appeal the cost is taxed equally between the plaintiffs and defendants. *Semble,* the judge was without authority to direct the application of the funds, but that good cause was shown for continuing the injunction to the final hearing.

APPEAL by defendants from a judgment continuing an injunction to the hearing, rendered by *Ferguson, J.,* at chambers in Waynesville, 25 September, 1922.

*Pless, Winborne & Pless for plaintiff.*
*Shipman & Arledge and Carter, Shuford & Hartshorn for defendant.*

ADAMS, J.  The plaintiffs are citizens and taxpayers of Henderson County, and the defendants are the board of county commissioners, W. P. Bane, chairman, G. B. Hill, and John T. Staton, members of said board, the board of road trustees, W. P. Bane, chairman, F. A. Bly, and W. W. Wilfong, members of said board, and the Citizens National Bank, treasurer of Henderson County.  Prior to April, 1921, the county commissioners and the road trustees decided to reconstruct and surface the road extending from the Buncombe County line to the Greenville County line, and in May bonds amounting to $590,000 were sold for the purpose of building and reconstructing the public roads and bridges of the county.  The plaintiffs alleged that the commissioners and trustees announced that any part of the fund remaining after accomplishing these purposes was to be spent by the road trustees upon other highways, and that in consequence of this announcement the plaintiffs and other citizens executed notes in the aggregate sum of $23,000 to make up the deficiency between the price paid for the bonds by the two banks and the price the bonds could be resold for, with the understanding that the proceeds derived from the sale of the bonds should be used first for constructing and hard-surfacing the road from the Buncombe line to Hendersonville, and thence to the Greenville line.  The object of the action is to restrain the defendants from using the fund for any purpose other than the construction of this State highway until completed.  The plaintiffs alleged incompetency, waste, and the wrongful use of a part of the fund, and sought by means of an injunction to prevent the alleged misapplication of the balance.  The defendants answered, denying the charges made against the defendants, and alleged that they had in all respects lived up to their agreement, and had been defeated in their purpose by the refusal of coöperation on the part of the State Highway Commission.  On 25 September, Judge Ferguson continued to the hearing the temporary restraining order theretofore issued, and directed that $60,000 of the fund be turned over by the defendants to the State Highway Commission, to be used in the improvement of the road between Hendersonville and Tuxedo, etc., and that $200,000 be held by the county authorities, to be used only in the construction of a hard-surface road between Bat Cove and Hendersonville, and enjoined the use of these funds for any other purpose.

In their brief the attorneys for the plaintiffs say that the object of the suit was to restrain the defendants from wasting the fund referred to, and that as the official conduct of the defendants was directed by one of their number, who is now out of office, they will not resist a modification of the order from which the appeal was taken.

While we think that his Honor was without authority to direct the application of the fund, and that such direction should have been omitted from the order, still there was good cause for continuing the injunction to the final hearing. But since it is admitted that the principal defendant is out of office, and that further prosecution of the suit would serve no useful purpose, the action is dismissed. The cost will be equally divided between the plaintiffs and the defendants.

Action dismissed.